### INGRAM *vs.* CROFT.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT.

The party who demands a new trial, on the ground of newly discovered evidence, since the trial, must show, not only due diligence before, but that the evidence is competent and material.

So an affidavit, setting forth, that certain depositions taken in another suit, to which the plaintiff was a party, but not between the same parties, is insufficient to obtain a new trial, on the ground of newly discovered evidence.

Where a witness swears from *his impressions*, that a fact was so and so, it is insufficient, and the testimony should be rejected.

The plea of the general issue, and the plea of prescription, are not inconsistent with each other.

The possession of a joint note, by one of the drawers, with a receipt of payment by the holder or possessor endorsed on it, by the person entitled to receive it, is *primâ facie* evidence of the liability of the other drawer, to refund one-half of the note.

The plaintiff alleges, the defendant is indebted to him, in the sum of two thousand four hundred and fifty dollars, with interest thereon, at the rate of nine per cent. per annum, from the 20th day of April, 1826, until paid. He charges, that the defendant became so indebted, in pursuance of an agreement between them, to take up a note of one James A. Kirkland, which had been discounted in the branch bank of Louisiana, at St. Francisville, upon which four thousand, nine hundred dollars was due, in which each of them were to pay one-half thereof. He alleges, that on the 20th April, 1826, he paid and took up said note, and that the defendant, in pursuance of said agreement between them, and with the drawer, (Kirkland,) became responsible to him for the one-half, amounting to two thousand, four hundred and fifty dollars.

The defendant pleaded a general denial to the plaintiff's demand, and prescription.

WESTERN DIST.
*August,* 1834.

INGRAM
*vs.*
CROFT.

The plaintiff offered in evidence, the note of Kirkland, mentioned in the petition, which had on it the cashier's receipt and certificate endorsed, that it was only for four thousand nine hundred dollars, and that the plaintiff paid it with his check, dated April 20th, 1826. He then offered several notes and drafts in evidence, signed by himself and the defendant, and endorsed by the latter, which had been discounted at different times, to raise the money to take up Kirkland's note, and which notes he had paid off, as appeared by receipts endorsed thereon, to him.

The testimony failed to connect the notes offered in evidence, with the agreement, alleged by the plaintiff to have been entered into by the defendant, to pay half the note of four thousand nine hundred dollars of Kirkland, which was proved to have been taken up in bank, by the check of Ingram.

Several of the notes offered in evidence, were objected to, and bills of exception taken to their admission, on the ground of irrelevancy, and that they were *res enter alios acta.*

The jury returned a verdict "*for the defendant;*" upon which judgment was rendered accordingly, after an unsuccessful effort to obtain a new trial, mainly on the ground of newly discovered evidence, since the trial. The plaintiff appealed.

*Lawson,* for the plaintiff.

*Andrews, contra.*

*Bullard, J.,* delivered the opinion of the court.

The plaintiff and appellant relies, for a reversal of the judgment of the District Court, on various grounds, which we proceed to notice in the order in which they are presented.

I. That the court refused to grant a new trial, which was asked on the ground of newly discovered evidence.

In his motion for a new trial, the plaintiff set forth, as one of the grounds, that he had discovered, since the trial, that the answers of Cash, Collins and Browden, and John

WESTERN DIST. Stirling, whose depositions were taken by the defendant in
*August*, 1834. the case of himself *vs.* Kirkland and Lee Hardesty, syndic,

INGRAM
*vs.*
CROFT.

will prove and establish the joint undertaking, and equal liability of plaintiff and defendant for Kirkland to the bank. The affidavit in support of his motion, in reference to the above ground, sets forth, that the affiant has good reason to believe that the facts are true and correct, and that those facts were unknown to him, although he had used every effort and diligence in his power, to procure the necessary testimony; and, in support of his affidavit, he annexes, as a part of it, the affidavit of William Stewart, one of the witnesses, taken in the case above referred to; and in reference to the second ground, he refers to the record in the same case.

The party who demands a new trial on the ground of newly discovered evidence since the trial, must show, not only due diligence before, but that the evidence is competent and material.

The party who demands a new trial, on account of new evidence discovered since the trial, must show, not only due diligence before, but that the evidence is competent and material. Admitting that the affidavit in this case, is sufficient as to diligence, it sets forth, the new evidence to be offered on a second trial, to be certain depositions of witnesses taken in a case in which the present defendant was plaintiff, but not between the same parties. It is clear, that

So an affidavit, setting forth that certain depositions, taken in another suit, to which the plaintiff was a party, but not between the same parties, is insufficient to obtain a new trial, on the ground of newly discovered evidence.

those depositions could not be read in evidence on the new trial, because they are, as to this defendant, *ex parte*. It would be quite nugatory to grant a new trial, in order to let in new evidence, which, according to the affidavit itself, would be inadmissible. We cannot look at the depositions to ascertain what effect the statements of the witnesses would probably have, but the party must be confined to his affidavit. But it is said, that if the depositions are not legal evidence, the witnesses may be sworn on the new trial. The affiant does not allege that the witnesses are material, and that he had used due diligence; nor are we informed whether their attendance could be procured. The party is presumed to have set forth his whole ground, and to have sworn to as much as his conscience would permit. Having confined himself to the affidavits or depositions of the witnesses, on file in another case, we can look only at those depositions to ascertain, whether they are material and competent. The

record is annexed to the affidavit, but merely to exhibit in *extenso* the depositions in question, and the affiant does not allege that the record itself is the evidence which he has discovered, but the depositions of the witnesses contained in it.

II. The appellant further relies on a bill of exception, taken to the ruling of the district judge, in rejecting certain statements of a witness as to his impressions. The witness had been called on by plaintiff to write a note, which was afterwards signed by both parties. He says: "The impression was made on his mind, that the money was borrowed to take up a note in bank, given by Ingram and Croft, in relation to J. A. Kirkland; but whether he received this impression from plaintiff when he asked him to draw the note, or from conversations between plaintiff and defendant, in his presence, he cannot say." We think, the court did not err in rejecting these statements. Facts alone are to go to the jury, except in certain cases, the opinions of persons skilled in certain trades or professions. The impressions of a witness are nothing more, than the hasty conclusions drawn by his own mind, from certain facts, falling under his observation. The jury must have evidence of the facts, in order to ascertain what impression they will make on their minds. Parties are not to be tried by the witnesses, but by the jury.

*Where a witness swears from his impressions, that a fact was so and so, it is insufficient, and the testimony should be rejected.*

III. It is further contended, that the judge ought to have charged the jury, that the plea of prescription, is a waiving the general issue, and admitted the facts as alleged. We are of opinion, that the two pleas are not inconsistent with each other. The general denial, puts at issue the right of the party to recover; and the plea of prescription is founded, not exclusively on a presumed release and payment, but in some measure, from public policy, upon the negligence of the party to prosecute his right: *Interest reipublicæ ut finis sit litium.* The plea, therefore, of the general denial, and the plea of prescription may, in our opinion, well stand together.

*The plea of the general issue and the plea of prescription, are not inconsistent with each other.*

On the merits, it appears, that the plaintiff's right of action is founded on the alleged promise of the defendant, to be jointly bound with him to discharge a debt due by Kirkland,

to the Bank of Louisiana, which, he avers, was paid entirely by himself, and he demands of the defendant one-half, according to the agreement.

Among other circumstances going to support his pretensions, he alleges, that the parties gave their joint note in favor of Kirkland, for two thousand dollars, dated April 28th, 1826, at nine months after date, and payable at the counting-house of Dicks, Booker & Co., which he annexes to his petition. This note appears to have been endorsed by the payee, and is receipted on the back by Dicks, Booker & Co., as having been paid by Charles Ingram. As a proof of the transaction itself, we think the possession of the note by Ingram, with the receipt of the holder or endorsee, sufficient to show *primà facie* the liability of Croft to refund one-half of the amount of that note. If the plaintiff had made that note the basis of his action, we do not find any evidence in the record to repel the demand for one thousand dollars. The signature of Dicks, Booker & Co. was proved on the trial. If they had been sworn as witnesses, they could not have been permitted to contradict their own act. But the plaintiff does not sue on that note as a single transaction; but sets it forth merely as evidence, to show a contract to refund a larger sum, a part of which was paid by means of this note. It was, therefore, before the jury as a circumstance, from which they were asked by the plaintiff to infer, that the defendant had promised to refund to him, not one-half of that note, but one-half of the five thousand dollars, paid by him in bank. We find no evidence in the record, which connects the two transactions. The tenor of that note, together with the joint affidavit of the parties before the notary, at the meeting of the creditors of Kirkland, certainly furnish some presumption that there was an understanding and agreement between the parties, as alleged in the petition. But it was a question of fact, submitted to the jury, and parties are bound to do something more than render their case probable. In reviewing the verdicts of juries, we have uniformly acted on the principle, not to disturb a verdict, unless clearly contrary to law and evidence. In this case, the engagement of the defendant to

The possession of a joint note by one of the drawers, with a receipt of payment by the holder or possessor endorsed on it, by the person entitled to receive it, is *primâ facie* evidence of the liability of the other drawer, to refund one-half of the note.

refund one-half of the debt paid in bank, is not so clearly made out as to authorise us to set aside the verdict. But, at the same time, justice, in our opinion, requires that the judgment should be so expressed, as not to bar the plaintiff's right in a separate suit, to demand one-half of the amount paid by him to Dicks, Booker & Co., in discharge of the joint note of the parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs; reserving, however, to the plaintiff his right, if any he have, to claim of the defendant the reimbursement of one-half of their joint note of the 8th of April, 1826.